ABRAHAM WEIL *et al.* Respondents, *against* THE MERCHANTS' DESPATCH TRANSPORTATION COMPANY, Appellant.

(Decided February 4th, 1878.)

Where the defendant received goods for transportation and gave a receipt which stated that the goods were to be forwarded to the points to which a bill of lading should be given,—*Held*, that the defendant was not liable for a loss of the goods occurring after the defendant had transported them over its own line of carriage and delivered them to a carrier having a connecting line on the route towards the place named as the address of the consignee of the goods.

APPEAL from a judgment entered upon an order of the general term of the Marine Court of the city of New York, affirming a judgment entered upon a verdict for the plaintiffs, directed by that court at a trial before a judge thereof and a jury.

This action was brought to recover the value of a case of goods which the plaintiffs, Weil Brothers & Cahn, alleged in their complaint the defendant, a corporation, agreed to carry for them from New York City to San Francisco, California.

The defendant in its answer admitted that it received the

case of goods addressed to the plaintiffs at San Francisco, denied the agreement, and alleged further that the termination of its route in the direction of San Francisco was Chicago, Illinois, and that the case of goods was forwarded by the defendant to Chicago and there delivered to the next connecting carrier for transportation to the place of destination.

On the trial it was proven that the case marked " W. C. & Co., San Francisco.  P. F. F. C. R. I. & P. R. R.—1373 —8560 " was delivered to the defendant by the vendors, Garner & Co.; that Garner & Co. filled out and presented to the defendant for its signature a receipt which was signed by Geagen, the defendant's agent.  The receipt which was put in evidence was in the following form:

*New York, Nov. 21, 1873.*

*Received, in apparent good order, by* MERCHANTS' DESPATCH TRANSPORTATION CO. *of Garner & Co. the following packages, to be forwarded subject to the conditions contained in the Bills of Lading of this Company, to the points to which Bill of Lading shall be given.*

| Marks and Consignee's Name. | |
|---|---|
| W. C. & Co. | Three (3) cases Domestics. |
| San Francisco. | 1681.——2102. |
| P. F. F. | 1373.——8560. |
| C. R. I. & P. R. R. Co. | 1595.——2000. |
| Weil Bros. & Cahn. | |
| " Merchants' Despatch." | Geagen. |

Moses Weil, one of the plaintiffs, testified to a conversation with the agent, Geagen, which was to the effect that the defendant would ship the goods to San Francisco at the usual tariff.

Peter F. White, a clerk of the defendant, testified that at

the time of the shipment of the goods the terminus of the defendant's route in the direction of San Francisco was Englewood, Illinois, that a bill of lading on that route would be given to Englewood, that the case of goods in question was transported by the defendant to Englewood and there safely delivered to the Chicago, Rock Island and Pacific Railroad Company, the connecting carrier in the direction of San Francisco, and the same was duly received by them, and the freight charges of the defendant upon said case from New York to Englewood were then and there paid by said Railroad Company to the defendant.

Defendant moved the court to direct a verdict for the defendant. This motion was denied, and upon motion of plaintiffs, the court directed a verdict for the plaintiffs.

*Hamilton Cole*, for appellant.

When a carrier receives a package addressed to a point beyond his route, and makes no other contract than is implied from the receipt of a package so marked, his duties and liabilities are terminated when he has carried the package to the termination of his own route in the direction of its ultimate destination, and has there delivered it to a connecting carrier. This rule is well settled, and has never been questioned since the case of *St. John* v. *Van Santvoord* (6 Hill, 157); and see also *Mills* v. *Mich. Cent. R. R. Co.* (45 N. Y. 622); *McDonald* v. *West. R. R. Co.* (34 N. Y. 497); *Root* v. *Great West. R. R. Co.* (45 N. Y. 524); *Wright* v. *Barton* (22 Barbour, 562); *Pratt* v. *Grand Trunk R. R. Co.* (N. Y. Weekly Digest, vol. 5, page 265, No. 12); *Reed* v. *U. S. Express Co.* (48 N. Y. 462); *Dillon* v. *Erie R. R. Co.* (1 Hilton, 232); *Ackley* v. *Kellogg* (8 Cowen, 223); *Hempstead* v. *N. Y. Cent. R. R. Co.* (28 Barb. 486).

In this case the express contract proposed by the shipper and assented to by the company was, that the property in question should be carried subject to the conditions contained in the bill of lading of the defendants, to the point to which bill of lading would be given, and this point was proved to be Englewood.

*Lauterbach & Spingarn*, for respondents, cited *Hill v. Syracuse R. R. Co.* (8 Hun, 296); *Bostwick* v. *Balt. & Ohio R. R. Co.* (45 N. Y. 712); *Berg* v. *Narragansett S. S. Co.* (5 Daly, 395); *Foy* v. *N. Y. & Boston R. R. Co.* (24 Barb. 382).

ROBINSON J.—The defendants, in November, 1873, were an incorporated transportation company, having a route from this city to Englewood, in the State of Illinois. On the 21st of that month they received in New York certain goods of the plaintiff's, for which they gave a receipt presented them by the shippers, specifying that they were to be forwarded by them " to the points to which bills of lading should be given." No bill of lading (so far as appears) was given. The defendant's receipt described the " marks and consignee's name " as follows : " W. C. & Co., San Francisco ; " " P. F. F. ; " " C. R. I. ; & P. R. R. Co. ; " " Weil Bros. & Cahn; " " Merchants' Despatch." Defendants proved that they safely transported and delivered the goods *en route* for San Francisco, at Englewood, to the Chicago, Rock Island and Pacific Railroad Company; and that the freight charges to that point were thereupon paid them by that company.

Upon such proofs a verdict was on the trial directed by the judge for plaintiffs, under exception by defendants.

The defendants were common carriers only to Englewood, and the entire obligation they assumed by the written agreement was expressly that of *forwarders*. Whatever might have been their obligation for breach of duty as common carriers for the portion of the route in respect to which they exercised the character of carriers, the agreement proven in express terms, comprehending only that of *forwarders*, could by no implication or deduction from its terms be held to have imposed upon them any other, beyond Englewood, than one of that character. I am unable, under the terms of this contract, to recognize any liability on their part for any loss or injury to the goods after such delivery thereof to the connecting line of transportation at Englewood.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event

LARREMORE, J., concurred, and delivered the following opinion :—It was decided in this court in *Berg* v. *Narragansett Steamship Co.* (5 Daly, 395), that a carrier of goods is not liable for loss beyond his own route, unless by special agreement. In that case there were facts from which such an agreement might have been inferred. The entire route was expressed in the " way bill " and the through freight was charged.

Nothing of this kind is shown in the case at bar. No bill of lading was produced on the trial, and the copy of the address upon the. delivery receipt was a matter of description and not an agreement. I therefore concur in reversing the judgment.

Judgment reversed and new trial ordered, with costs to appellant to abide event.